IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03431-PAB-STV

SOBEIDY VIDAL,

    Plaintiff,

v.

BETO'S HAIR STUDIO, INC., and
NORBERTO MOJARDIN,

    Defendants.

---

## ORDER
---

This matter comes before the Court on Defendants' Second Motion to Dismiss For Failure to Prosecute Pursuant to C.R.C.P 41(b) [Docket No. 185].[1] Defendants Beto's Hair Studio, Inc. and Norberto Mojardin seek to dismiss plaintiff Sobeidy Vidal's claims based on her for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Ms. Vidal filed a response. Docket No. 186. Defendants filed a reply. Docket No. 187. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

Sobeidy Vidal alleges that the defendants infringed on two trademarks that she holds. Docket No. 29 at 2. Ms. Vidal filed her initial complaint in this case on December 22, 2021. Docket No. 1. She filed an amended complaint on April 25, 2022. Docket

---

[1] The parties have clarified that despite the title of the motion referring to Colorado Rule of Civil Procedure 41(b), the motion is brought pursuant to Federal Rule of Civil Procedure 41(b). Docket No. 186 at 1; Docket No. 187 at 1-2.

No. 29.  Defendants filed an answer and counterclaim.  Docket No. 33; Docket No. 34.  On April 25, 2022, Ms. Vidal's first attorney moved to withdraw, citing irreconcilable differences.  Docket No. 27 at 1.  In that motion, the attorney noted that he had been unable to make contact with Ms. Vidal in order to discuss his wish to withdraw.  *Id.*  The attorney then withdrew that motion on April 28, 2022.  Docket No. 31.  The attorney again moved to withdraw on July 29, 2022, citing irreconcilable differences.  Docket No. 36.  Ms. Vidal opposed this motion.  *Id.* at 1.  The magistrate judge held a hearing and granted the motion to withdraw.  Docket No. 39.

On September 2, 2022, a second attorney appeared on Ms. Vidal's behalf.  Docket No. 41.  On February 27, 2023, Ms. Vidal filed a motion for sanctions based on defendant Norberto Mojardin's failure to appear for his deposition.  Docket No. 77.  The magistrate judge granted this motion in part, ordering defendants to pay for some of the costs associated with the deposition.  Docket No. 92 at 2.

On August 15, 2023, Ms. Vidal's second attorney moved to withdraw.  Docket No. 131 at 1.  While the motion stated that Ms. Vidal did not oppose the request, *id.*, Ms. Vidal later sent a letter to the Clerk of Court indicating that she opposed the withdrawal.  Docket No. 141.  Ms. Vidal asked that the hearing on the motion to withdraw be rescheduled in order to accommodate her international travel.  Docket No. 136.  As became more apparent in the following months, Ms. Vidal's travel schedule often took her out of the country and beyond the reach of reliable means of communications.  *See* Docket No. 170 at 3-4, ¶¶ 9-13.  The magistrate judge rescheduled the hearing based on Ms. Vidal's request, but Ms. Vidal still did not attend the rescheduled hearing.  Docket No. 137 at 1.

The magistrate judge granted the motion to withdraw on September 5, 2023. Docket No. 137.  In the subsequent period that Ms. Vidal was without counsel, several issues arose.  First, Ms. Vidal filed a motion for an extension that did not comply with the Local Rules.  Docket Nos. 141, 144.  Second, mail sent by the Clerk of Court to Ms. Vidal was returned as undeliverable.  *See* Docket Nos. 158, 159, 160, 161, 162, 163, 166.  Third, the magistrate judge scheduled a status conference for October 17, 2023, but neither party appeared at the hearing.  Docket No. 154.  The magistrate judge informed the parties that "[a]ny future failure to appear for hearings or conferences set by the Court by either party will result in a recommendation that that party's affirmative claims be dismissed."  *Id.*  Fourth, Ms. Vidal apparently refused to speak with opposing counsel regarding the case.  Docket No. 167 at 2, ¶ 8.

On October 23, 2023, a third attorney, Kevin Strait, appeared on Ms. Vidal's behalf.  Docket No. 156.  On January 26, 2024, defendants filed a motion for sanctions based on Ms. Vidal's failure to appear for her scheduled deposition.  Docket No. 167.  The motion noted that the parties scheduled the deposition to take place remotely on December 18, 2023, but that on December 17, 2023 Mr. Strait emailed defendants as follows:

> [U]nfortunately I have not been able to reach my client in several weeks. She and I last exchanged emails on December 5th but she has not returned calls or emails since . . . .  I will be on the video call tomorrow but I cannot account for the whereabouts of Ms. Vidal at this time.

*Id.* at 3, ¶¶ 12, 14.  Ms. Vidal did not appear for the deposition, despite Mr. Strait's attempt to call her.  *Id.*, ¶¶ 15-16.  In the weeks after the missed deposition, Mr. Strait was unable to make contact with Ms. Vidal, who was traveling internationally, despite diligent efforts.  *See* Docket No. 170 at 3-4, ¶¶ 9-13; Docket No. 171-6.  As a sanction,

defendants asked that they be awarded attorneys' fees and costs for the deposition and that the case be dismissed with prejudice.  *Id.* at 7.  The magistrate judge granted the request in part, ordering Ms. Vidal to pay for certain of defendants' costs associated with the deposition.  Docket No. 172 at 1-2.  At the hearing on the motion for sanctions, the magistrate judge warned that Ms. Vidal's failure to participate in the case could result in the dismissal of her claims.[2]  The magistrate judge also ordered the parties to engage in private mediation.  *Id.* at 1.  The parties participated in mediation and did not reach an agreement, although they informed the magistrate judge that they were continuing to discuss settlement.  Docket No. 175.  On May 8, 2024, the parties asked the magistrate judge to set a final pretrial conference.  Docket No. 180 at 1.  The magistrate judge scheduled the final pretrial conference for June 17, 2024.  *Id.*

At a hearing on June 4, 2024, Mr. Strait informed the magistrate judge that he planned to move to withdraw as counsel for Ms. Vidal.  Docket No. 184 at 1.  The minutes from the hearing reflect that Mr. Strait said that "he does not have reliable access or contact with his client and has not been able to reach his client in a while."  *Id.*  Defendants informed the magistrate judge that they intended to request that the case be dismissed for failure to prosecute.  *Id.*  Based on this information, the magistrate judge vacated the final pretrial conference.  *Id.*

---

[2] The magistrate judge's warning is not reflected in the minutes from the hearing, Docket No. 172, but the Court listened to a recording of the hearing and has confirmed that the magistrate judge discussed the possibility of Ms. Vidal's claims being dismissed as a sanction for her conduct.

4

One June 6, 2024, defendants filed their motion to dismiss.  Docket No. 185.  Mr. Strait filed a response on behalf of Ms. Vidal on June 26, 2024.  Docket No. 186.  Defendants filed a reply.  Docket No. 187.

On July 22, 2024, Mr. Strait filed a motion to withdraw.  Docket No. 188.  The motion stated that Ms. Vidal did not oppose the motion.  *Id.* at 1, ¶ 2.  The magistrate judge scheduled a hearing on the motion for July 31, 2024.  Docket No. 190.  In advance of that hearing, Mr. Strait filed a copy of a letter that Ms. Vidal sent to the magistrate judge via U.S. mail.  Docket No. 191 at 1; Docket No. 191-1 at 2.  In the letter, Ms. Vidal stated her desire to have Mr. Strait continue representing her in the case through trial.  Docket No. 191-1 at 2.  After holding an ex parte discussion under seal with Mr. Strait and Ms. Vidal on July 31, 2024, the magistrate judge denied Mr. Strait's motion to withdraw.  Docket No. 192 at 1.

## II.  ANALYSIS

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute . . ., a defendant may move to dismiss the action or any claim against it."  The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Corp.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Courts in this circuit apply five factors to determine whether a motion under Rule 41(b) should be granted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions."

5

*Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted); *see also Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (extending *Ehrenhaus* to Fed. R. Civ. P. 41(b) motions).

The first *Ehrenhaus* factor considers actual prejudice to the defendant. Prejudice can be shown through unreasonable delay, as a defendant has "a legitimate interest in bringing the matter to closure within a reasonable time." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). Prejudice can also be shown when, through plaintiff's conduct, defendants "los[e] an opportunity to gain relevant information . . . [about] the factual basis of the parties' claims." *See Ecclesiastes*, 497 F.3d at 1145; *see also Jones*, 996 F.2d at 264 ("it is evident the Defendants suffered prejudice in preparing for trial without the opportunity to depose the Plaintiffs.").

The Court finds that defendants have been prejudiced by the repeated delays in this case. This case has been pending since December 2021, yet discovery is still not complete, Ms. Vidal has not been deposed,[3] no dispositive motions have been filed, a final pretrial conference has not been held, and a trial date has not been set.

Ms. Vidal argues that the defendants have contributed to the delays in this case. Docket No. 186 at 3. It is true that defendants have caused several delays. For example, Mr. Mojardin failed to appear for his deposition on February 23, 2023. Docket No. 77 at 2. But other alleged delays, such as defendants filing numerous motions for extension of time, have been caused by Ms. Vidal, whose failures to communicate with

---

[3] Discovery closed on December 22, 2023. Docket No. 164 at 2. After listening to the recording of the hearing held on February 21, 2024, the Court notes that the parties and the magistrate judge appeared to agree that, if the case were to proceed, discovery should be reopened to allow defendants to depose Ms. Vidal.

6

defendants during times she was representing herself and failure to cooperate in being deposed caused defendants to file motions to extend deadlines. *See* Docket No. 164 (extending the discovery deadline). The Court finds that defendants' delays do not mitigate the prejudice defendants have suffered due to Ms. Vidal's actions. The Court therefore finds that the first *Ehrenhaus* factor weighs in favor of dismissal because defendants have suffered prejudice both due to the delays and due to the lack of an opportunity to depose Ms. Vidal.

The second *Ehrenhaus* factor considers interference with the judicial process. A plaintiff's behavior interferes with the judicial process when it hinders a court's management of its docket and imposes unnecessary burdens. *Jones*, 996 F.2d at 265. By the Court's count, there have been at least fifteen hearings in this case, including the one that neither party attended. *See* Docket Nos. 15, 39, 64, 65, 92, 110, 120, 127, 137, 154, 164, 172, 180, 184, 192. While the need for so many hearings is not entirely Ms. Vidal's fault, her attorneys' requests to withdraw triggered at least four of them, *see* Docket Nos. 39, 137, 184, 192, and her failure to appear for her deposition triggered a fifth. *See* Docket No. 172. The magistrate judge also rescheduled the hearing regarding the second attorney's request to withdraw in order to accommodate Ms. Vidal's travel schedule, Docket No. 136, but Ms. Vidal still did not attend the rescheduled hearing. Docket No. 137 at 1.

During the time that Ms. Vidal was proceeding pro se, she apparently did not inform the Clerk of Court of her updated address because court mail sent to her was returned as undeliverable. *See* Docket Nos. 158, 159, 160, 161, 162, 163, 166. Based

7

on these facts, the Court finds that Ms. Vidal's behavior has interfered with the judicial process.  Therefore, the second *Ehrenhaus* factor weighs in favor of dismissal.

The third *Ehrenhaus* factor considers the culpability of the litigant in failing to prosecute the case.  This factor asks whether plaintiff caused the failure to prosecute or whether she is a "victim[] of circumstances."  *See Jones*, 996 F.2d at 265.  The Court finds that Ms. Vidal is the cause of the failures to prosecute the case and not a victim of circumstance.  The fact that Ms. Vidal regularly cannot be contacted by her attorney or, when she has been pro se, by opposing counsel has caused numerous frustrations and delays.  *See, e.g.*, Docket No. 27 at 1; Docket No. 167 at 3, ¶ 14.  Her absences from the country have made it difficult for her attorneys to communicate with her and, most notably, has resulted in her missing her deposition.  Docket No. 27 at 1; Docket No. 167 at 3, ¶ 14.  Despite being warned that her failure to participate in the case could result in dismissal, Ms. Vidal was incommunicado for an extended period in May and June 2024.  *See* Docket No. 184 at 1.  The fact that she knew of the difficulties posed by her absences but chose to leave again shows that Ms. Vidal has purposely decided to neglect this case.  *Cf. Howard v. Werner Co.*, No. 16-cv-01299-PAB, 2018 WL 4334009, at *2 n.1 (D. Colo. Sept. 10, 2018) ("Plaintiff's statement that he found the relevant documents in his spam folder shows ongoing neglect in prosecuting the case . . . .  He has previously noted that case-related emails were appearing in his spam folder, but apparently has taken no precautions to avoid this reoccurring.").  The Court finds that the third *Ehrenhaus* factor weighs in favor of dismissal.

The fourth *Ehrenhaus* factor considers whether the plaintiff had been warned in advance that dismissal would be possible.  Upon withdrawing from the case, Ms. Vidal's

8

second attorney informed the magistrate judge that she had explained to Ms. Vidal the importance of complying with the requirements of the case.  Docket No. 137 at 1.  After both parties missed the hearing scheduled for October 17, 2023, the magistrate judge warned that "[a]ny future failure to appear for hearings or conferences set by the Court by either party will result in a recommendation that that party's affirmative claims be dismissed."  Docket No. 154.  After Ms. Vidal failed to attend her deposition, the magistrate judge warned her that the case could be dismissed.[4]  Ms. Vidal concedes that she had been warned about the possibility of dismissal, but argues that the fact that both parties received warnings reduces the weight of this factor.  Docket No. 186 at 5-6 ("That both Plaintiff and Defendants earned this Court's warning does not diminish the warning's effect on Plaintiff.  Instead, Plaintiff asks this Court to consider that Plaintiff believed she was at no greater risk than Defendants for a sanction or dismissal of claims from this Court.").  The Court rejects this argument.  In addition to the warning the parties jointly received, Ms. Vidal has been warned individually twice, once upon the withdrawal of her second attorney and once after she missed her deposition.  The Court therefore finds that the fourth *Ehrenhaus* factor weighs in favor of dismissal.

The fifth *Ehrenhaus* factor considers whether lesser sanctions would be available to address plaintiff's conduct.  The magistrate judge sanctioned Ms. Vidal on February 21, 2024.  Docket No. 172.[5]  Despite being sanctioned for her failure to participate, Ms.

---

[4] This warning is not reflected in the minutes from the February 21, 2024 hearing, Docket No. 172, but it is included in the recording of the hearing.

[5] Ms. Vidal's response to the motion to dismiss states that she paid the sanction "at the dollar figure Defendant requested" and "in good faith," Docket No. 186 at 2.  But defendants reply that Ms. Vidal did not issue this payment until June 11, 2024 – almost four months after the magistrate judge granted the motion for sanctions and five days after defendants filed the present motion to dismiss.  Docket No. 187 at 3.

Vidal stopped communicating on this case, including communications with her own attorney, just a few months later. Docket No. 184 at 1. The Court finds that there is a pattern to Ms. Vidal's behavior, namely, she prioritizes other matters over this case and, when doing so, becomes unreachable for long periods of time. There is no reason to believe that this behavior will change. The Court finds that nothing short of dismissal would be effective in this case and that the fifth *Ehrenhaus* factor weighs in favor of dismissal. As all five factors weigh in favor of dismissal, the Cout will grant the defendants' motion.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that Defendants' Second Motion to Dismiss For Failure to Prosecute Pursuant to C.R.C.P 41(b) [Docket No.185] is **GRANTED**. It is further

**ORDERED** that the plaintiff's claims in the First Amended Complaint [Docket No. 29] are **DISMISSED with prejudice** against all defendants. It is further

**ORDERED** that defendants, on or before **April 3, 2025**, shall file a status report indicating whether they intend to proceed with the claims alleged in the First Amended Counterclaim [Docket No. 34].

DATED March 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge